**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **WEBPROS INTERNATIONAL, LLC**, formerly known as cPanel, LLC, | Case No. 3:22-cv-01963-IM |
| Plaintiff, | **OPINION AND ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION** |
| v. | |
| **HESAM ASLI**; and **SIAVASH DASHTI**, | |
| Defendants. | |

Venkat Balasubramani and Ashley J. McDonald, Focal PLLC, 900 1st Ave. S., Suite 201, Seattle, WA 98134. Attorneys for Plaintiff.

Parna A. Mehrbani and Stephanie J. Grant, Tonkon Torp LLP, 888 SW Fifth Avenue, Suite 1600, Portland, OR 97204-2099. Attorneys for Defendant Dashti.

**IMMERGUT, District Judge.**

Plaintiff WebPros International, LLC (formerly known as cPanel, LLC) moves for this Court to issue a Letter of Request to assist Plaintiff with obtaining discovery abroad. *See* Motion for Letter of Request ("Mot."), ECF 84. Invoking 28 U.S.C. § 1781(b)(2) and Chapter I of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague

PAGE 1 – OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LETTER OF REQUEST PURSUANT TO THE HAGUE EVIDENCE CONVENTION

Evidence Convention"), Oct. 7, 1972, 23 U.S.T. 2555, Plaintiff states that it requires discovery from a German domain registrar, CSL Computer Service Langenbach GmbH d/b/a/ Joker.com ("Joker.com"), related to potentially infringing activity by Defendant Hesam Asli, who has yet to appear in this case. Defendant Siavash (or Siavosh) Dashti, who has appeared, does not oppose this Motion. Mot, ECF 84 at 1. For the reasons below, the Motion is GRANTED.

## BACKGROUND

This Court has previously described the background of this case at length. *See* Opinion & Order ("PI Op."), ECF 72 (granting in part and denying in part Plaintiff's motion for preliminary injunction). The following section therefore summarizes only what is necessary for resolving Plaintiff's instant motion.

Plaintiff develops, markets, distributes, sells, and licenses hosting automation software. *See id.* at 3–4. (Although Plaintiff is no longer officially registered with the Texas Secretary of State as cPanel, its software still bears the name cPanel. *See* ECF 79.) The evidence so far presented to this Court shows that Defendants Dashti and Asli, under the name of "Licenseman," have run domains that host and advertise illicit licenses to Plaintiff's software. PI Op., ECF 72 at 7–8. This Court has held that it is likely that Defendant Asli has engaged in copyright infringement, the trafficking of circumvention devices in violation of the Digital Millenium Copyright Act, trademark infringement and unfair competition, trademark counterfeiting, and cybersquatting—all in violation of U.S. statutory law. *Id.* at 16–19.

After this Court issued its preliminary injunction, Plaintiff's investigation led it to believe that Defendant Asli is behind yet another domain selling and marketing illicit, modified cPanel licenses: <csp.name>. Declaration of Jesse Asklund, ECF 86 ¶¶ 8–11. According to Plaintiff, the <csp.name> domain operates much like the Licenseman sites did. *Id.* That is, the cPanel licenses

sold through the Licenseman sites and those sold through <csp.name> behave in the same way and were modified through the same techniques. *Id.* ¶ 11. These licenses all call back to mirror services not controlled by cPanel, rather than cPanel's actual servers. *Id.* ¶ 10.

Plaintiff wishes to file a motion for default judgment against Defendant Asli. Declaration of Ashley McDonald ("McDonald Decl."), ECF 85 ¶ 2. Plaintiff contends, however, that to support its claims, and in particular any calculations for damages, Plaintiff requires information from third parties that provided services to Defendant Asli. *Id.*

To that end, Plaintiff filed a subpoena to a non-party to this matter, CSL d/b/a Joker.com, the German domain registrar for <csp.name>, on April 9, 2024. *Id.* ¶¶ 4–5; *id.*, Ex. 1. Joker.com responded that it would require a court order before it would respond to a subpoena. *Id.* ¶ 6; *id.*, Ex. 2. Invoking the Hague Evidence Convention, Plaintiff asks this Court to issue a letter of request to the German authorities so that Plaintiff can have a German court order issued to Joker.com. Specifically, Plaintiff seeks (1) "[d]ocuments sufficient to [i]dentify all accounts linked to, associated with, or related to" <csp.name>; (2) "[a]ll IP addresses used to access, log into, or register, any of the accounts identified in response to" (1); and (3) "[t]o the extent not produced in response to any other document request, Know Your Customer information for each of the accounts identified in response to" (1). *Id.*, Ex. 3 at 10.

## DISCUSSION

### A.  The Hague Evidence Convention

The Hague Evidence Convention is a multilateral treaty that "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa.*, 482 U.S. 522, 524 (1987) ("*Aerospatiale*"). Both the United States and Germany

are signatories to the Convention. *See In re Letter of Request from Local Court in Kusel, Ger.*, Case No. 1:22-cv-01009-CL, 2022 WL 5142753, at *2 n.4 (D. Or. Oct. 5, 2022). "Under 28 U.S.C. § 1781(b)(2), a tribunal in the United States may directly transmit a Letter Rogatory or request to a foreign or international tribunal." *In re Cedar Shake & Shingle Antitrust Litig.*, NO 2:19-cv-00288-MJP, 2020 WL 39144, at *1 (W.D. Wash. Jan. 2, 2020); *see United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958). Exercising their § 1781(b)(2) discretion, courts can issue letters of request or letters rogatory to foreign tribunals pursuant to the Convention. *In re Cedar Shake*, 2020 WL 39144, at *1; *Tulip Computs. Int'l B.V. v. Dell Comput. Corp.*, 254 F. Supp. 2d 469, 472 (D. Del. 2003).

Generally, courts in the Ninth Circuit "have held that motions requesting issuance of a letter of request or letter rogatory should generally be granted and that the opposing party must show good reason for a court to deny an application for a letter rogatory." *Zoho Corp. Pvt. v. Freshworks, Inc.*, Case No. 20-cv-01869-VC (TSH), 2021 WL 2769009, at *2 (N.D. Cal. July 2, 2021) (citation, brackets, and internal quotation marks omitted). That is because discovery by letters rogatory and requests "is consistent with the liberal discovery provisions of Rule 26," *Viasat, Inc. v. Space Sys./loral, Inc.*, Civil No. 12-CV-0260-H (WVG), 2013 WL 12061801, at *3 (S.D. Cal. Jan. 14, 2013) (citations omitted), which in turn permits discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1).

## B.  Plaintiff's Letter of Request Comports with the Convention

Courts have uniformly recognized that it is appropriate for a party to invoke the Hague Evidence Convention when evidence is requested from a non-party located abroad that is not subject to the court's jurisdiction. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, Case

No. 3:19-md-2885, 2020 WL 5578428, at *7 n.6 (N.D. Fla. Feb. 18, 2020) (citing cases); *see also* 3 Ved P. Nanda et al., Litigation of International Disputes in U.S. Courts § 17:16 (Dec. 2023 update) ("Nanda Treatise") ("When discovery is sought from a non-party to the litigation then, more frequently, the Hague Convention has been the exclusive remedy if the person from whom discovery is sought is a citizen of a signatory nation." (footnote omitted)). That is precisely the case here: Joker.com is a non-party located in Germany that has so far refused to voluntarily comply with Plaintiff's subpoena. *See* McDonald Decl., ECF 85 ¶ 6; *id.*, Ex. 2. The Convention is fully applicable to this matter.

In addition, Plaintiff's proposed letter of request complies with the Convention's procedural requirements. Article 3 of the Convention requires four pieces of information in any letter of request:

> (a) the authority requesting its execution and the authority requested to execute it, if known to the requesting authority;
>
> (b) the names and addresses of the parties to the proceedings and their representatives, if any;
>
> (c) the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto;
>
> (d) the evidence to be obtained or other judicial act to be performed.

Plaintiff's proposed letter of request states that this Court is requesting the letter's execution and that the German authority is the "Präsident des Oberlandesgerichts Düsseldorf." McDonald Decl., ECF 85, Ex. 3 at 3. The letter contains all of the relevant addresses and discusses the nature of the proceedings, as well as the nature of the evidence sought. *Id.* at 6–8. Further, the letter is in English, which the Convention permits under Article 4. This is all sufficient under the Convention.

PAGE 5 – OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LETTER OF REQUEST PURSUANT TO THE HAGUE EVIDENCE CONVENTION

Finally, this Court notes that, pursuant to the Convention, the German authorities ultimately will determine whether Plaintiff's requests comply with German law. *See Aerospatiale*, 482 U.S. at 542; 3 Nanda Treatise § 17:19. Accordingly, Plaintiff's Motion does not present a risk to international comity.

**CONCLUSION**

This Court GRANTS Plaintiff's Motion for Letter of Request, ECF 84. The Letter of Request will be signed and issued separately on the docket.

**IT IS SO ORDERED.**

DATED this 20th day of June, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
